# SCHEDULE A

Pursuant to 28 U.S.C. § 1782, Farhad Azima, by and through undersigned counsel, requires that Bank of America, N.A. ("Bank of America") produce for inspection each of the documents and tangible things described below at "DOCUMENTS AND THINGS TO BE PRODUCED."

## INSTRUCTIONS

1. This Subpoena calls for you to undertake a diligent search and produce all documents, electronically stored information, and tangible things identified below under the heading "DOCUMENTS AND THINGS TO BE PRODUCED," that are within your possession, custody, or control, including documents, electronically stored information, and tangible things in the possession, custody, or control of your directors, officers, agents, employees, consultants, representatives, or in the possession, custody, or control of any "person" (as defined herein) whom you control, and, unless privileged, your attorneys.

2. All documents that respond, in whole or in part, to any portion of this Subpoena are to be produced in their entirety, without abbreviation or expurgation, including all attachments or other matter affixed thereto.

3. If you object to any of these document requests, then you shall state the reasons for your objections. If you object to any part of a document request, then you shall further specify the part. Similarly, if you do not object to a particular document request, but are unable to comply fully with that request, then you shall comply to the fullest extent possible and provide an explanation for your lack of full compliance.

4. When information is withheld from discovery on a claim that it is privileged, subject to protection as trial preparation materials, or otherwise privileged or protected from

disclosure, the claim shall be made expressly and shall be supported by a description of the nature of the document, communications, or things not produced that is sufficient to enable the propounding party to contest the claim of privilege, as provided in Fed. R. Civ. P. 45(e)(2)(A).

5. If no documents are responsive to a particular request, you are to state that no responsive documents exist.

6. If any document responsive to this request was, but no longer is, in your possession, state whether it is missing or lost; if it has been destroyed; if it has been transferred, voluntarily or involuntarily, to others; or if it has otherwise been disposed of. In each instance, identify the document fully, explain the circumstances, and identify the people having knowledge of such circumstances.

7. If you contend that any documents covered in these requests are not reasonably accessible or would be unduly burdensome to locate or produce, identify such documents by category and source and provide detailed information regarding the burden or cost you claim is associated with the search for or production of such documents.

8. Please produce electronically stored information in accordance with the instructions, data delivery standards, delivery formats, and Adobe PDF file production formats, and with the fields specified, in **Exhibit A ("Miller & Chevalier Standard Production Guidelines")** hereto.

9. To the extent you intend to not produce a requested document, you are directed to make and safeguard a copy of the requested information.

10. Unless otherwise indicated, these Requests refer and relate to the time period of January 1, 2015 through the present.

2716357.1

# DEFINITIONS

1. The term "any" shall be understood to include and encompass "all." As used herein, the singular shall always include the plural, and the present tense shall also include the past tense. The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all documents or things which might otherwise be construed to be outside its scope.

2. The term "communication" shall be defined and construed to the broadest extent possible and shall have the same meaning as used in Fed. R. Civ. P. 34. "Communication" shall include any oral, written, or electronic transmission of information, including without limitation any face-to-face meetings, letters, emails, text messages, social media messaging, or telephone calls, chat rooms, or group list serves.

3. The term "document" shall be defined and construed to the broadest extent possible and shall have the same meaning as used in Fed. R. Civ. P. 34.

4. The term "person" means any natural person, corporation, partnership, firm, proprietorship, limited liability company, association trust, department, organization, joint venture, governmental entity, group of persons or any other entity of whatever nature.

5. The terms "relate to" or "relating to" means consisting of, referring to, regarding, reflecting, supporting, prepared in connection with, used in preparation of, or being in any way logically or factually connected with the matter discussed.

6. The term "Mr. Amit Forlit" refers to Insight Analysis and Research LLC's owner Mr. Amit Forlit, living at 5-A Habarzel Street, Tel Aviv, Israel 69710-02, and his attorneys, representatives and agents, affiliates, or any legal entities Mr. Amit Forlit owns or controls, whether foreign or domestic.

7. The term "Insight Analysis and Research LLC" refers to a corporate account holder with Bank of America with the account number "898093376319" and routing number "026009593."

8. The term "SDC-Gadot LLC" refers to a corporate entity with Mr. Amit Forlit as the authorized member and with the address of 3200 Collins Avenue, Suite L2, Miami Beach, FL 33140.

## DOCUMENTS AND THINGS TO BE PRODUCED

All documents and communications related to Mr. Amit Forlit, Insight Analysis and Research LLC and/or SDC-Gadot LLC. The request includes all bank statements, any records showing or communications (including SWIFT payment records) relating to transfer of money, and any other financial instrument including but not limited to checks, wire transfers, or any other method of transfer.

2716357.1